IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ERNEST TERRELL FRIAR, JR.                                              PLAINTIFF

v.                         Civil No. 6:21-CV-06036

NURSE BASSHAM, SERGEANT BAKER,                                        DEFENDANTS
SERGEANT CORY WEBB, SERGEANT
ORRIS, LIEUTENANT JACKSON,
SERGENT ELLIOT, and SERGEANT
BROOKS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion to Proceed *in forma pauperis* ("IFP"). (ECF No. 2).

### I. BACKGROUND

Plaintiff filed his Complaint and IFP Motion on April 6, 2021. (ECF Nos. 1, 2). That same day, the Court entered an Order provisionally filing the case, severing claims and Defendants, and transferring several of Plaintiff's claims to the Eastern District of Arkansas. (ECF No. 3). Plaintiff's status as a PLRA "three-striker" pursuant to the Prison Litigation Reform Act (PLRA) was also noted, and he was given the opportunity to explain why he believes he does not have three strikes or why he believes the three strikes provision does not apply to this case.. This information was due by April 26, 2021. (*Id*. at 2).

Plaintiff filed his Response on April 28, 2021.  (ECF No. 5).  In it, Plaintiff states that he believes someone is tampering with his legal mail and "forgery his Government birth name."  (*Id*.).  Plaintiff provided no information or evidence to support his belief that someone has been tampering with his legal mail or misusing his name, and the Court notes that he has regularly submitted documents in several recent cases in this District.  Plaintiff indicated on his Complaint that his ADC inmate number is 660122.  (ECF No. 1 at 1).

## II.  LEGAL STANDARD

As part of the PLRA, Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section 1915, which governs proceedings filed *in forma pauperis*, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner-initiated lawsuits.  *See* 28 U.S.C. § 1915.  Prior to the PLRA's amendments to § 1915, a prisoner who attained *in forma pauperis* status was exempted from paying court fees.  After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee, albeit in installments.  *See* 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or failing to state a claim, to obtain *in forma pauperis* status.  Specifically, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision has commonly become known as the "three strikes rule" or the "three strikes provision," and it has withstood constitutional challenges.  *See, e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

### III.  ANALYSIS

Plaintiff has at least three previous actions that qualify as strikes against him under § 1915(g).  *See e.g. Friar v. Jackson County Detention Center*, Case No. 1:18-cv-88-DPM (E.D. Ark. 2018) (IFP application denied as moot due to three-strike status); *Friar v. Wrightsville Unit*, Case No. 4:17-cv-486-SWW (E.D. Ark 2017); *Friar v. Jackson County Sheriff Department*, Case No. 1:16-cv-27-BSM (E.D. Ark. 2016); *Friar v. Jackson County Sheriff Department*, Case No. 1:14-cv-97-BSM (E.D. Ark. 2014).[1]  Plaintiff has not alleged any facts to indicate that he is in imminent danger of serious physical injury.  *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports).  Plaintiff is, therefore, not eligible for IFP status.

### IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's Application to Proceed IFP (ECF No. 2) be **DENIED** pursuant to 28 U.S.C. § 1915(g).  This action should be dismissed without prejudice to Plaintiff's right to re-open it with payment of the appropriate filing fee.  *See Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking IFP status under § 1915(g) and dismissing action without prejudice to inmate's right to re-file it upon payment of filing fee).  Plaintiff should be instructed to file a motion to reopen the action upon payment to the United States District Clerk of the proper filing fee.  I further recommend that it be certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of the IFP denial would not be in good faith.

It should be noted that, if Plaintiff tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any

---

[1] The ADC Inmate Number for the Plaintiff in each of these cases is #660122.

requested subpoenas. In addition, Plaintiff is precluded from filing any future civil action IFP unless he is in imminent danger of serious physical injury. It is, therefore, recommended that the following order be entered:

> The clerk of this court is directed to provisionally file any new action in which Ernest Terrell Friar, Jr. seeks to proceed IFP. The Magistrate Judge shall then review the action and, if it is a civil action, rather than a criminal or habeas one, and, if Friar has not asserted a valid claim that he is under imminent danger of serious physical injury, the Magistrate Judge shall recommend that IFP status be denied.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **7th day of June 2021**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE